■ DONALD DEATH et al., Respondents, v MARIE SALEM et al., Appellants, et al., Defendants.—In an action to recover damages for defamation, the defendants Salem and New York News, Inc., appeal from an order of the Supreme Court, Nassau County (Winick, J.), entered November 26, 1986, which denied their motions, *inter alia*, for summary judgment dismissing the complaint insofar as it is asserted against them, and (2) the defendant Salem appeals from so much of an order of the same court, entered March 13, 1987, as, upon reargument, adhered to the original determination with respect to her.

Ordered that the appeal by the defendant Salem from the order entered November 26, 1986 is dismissed, without costs or disbursements, as the portion of that order which she seeks to review was superseded by the order entered dated March 13, 1987, made upon reargument; and it is further,

Ordered that the order entered March 13, 1987 is affirmed insofar as appealed from by the defendant Salem, without costs or disbursements; and it is further,

Ordered that the order entered November 26, 1986 is modi-

fied, on the law, by deleting from the paragraph thereof beginning with the word "Third" the words "and punitive damages", and the provision which denied that branch of the motion of the defendant New York News, Inc., which was to strike the demand for punitive damages against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order entered November 26, 1986, is affirmed insofar as appealed from by the New York News, Inc., without costs or disbursements.

An article appeared in the Daily News in May 1983 which stated, *inter alia,* that Donald Death, aged 59 and president of Harbor Fuel Corp., had been convicted of a series of violations of the Nassau County fire ordinance. The article stated further that Death was arrested on September 13, 1982, and could be sentenced to one year in jail on each of 11 violations plus a $1,000 fine for each violation. The article further indicated that the spokesman for the prosecutor in the case, the District Attorney of Nassau County, was Assistant District Attorney Marie Salem. In fact, Death was never convicted at all nor did he face any prison sentence. In fact, Harbor Fuel Corp., in which Death and his father were 6% stockholders and of which they were officers, was convicted of the fire ordinance violations.

Marie Salem, the Assistant District Attorney who prosecuted Harbor Fuel Corp., testified at a deposition that she gave two reporters in a conference call an accurate account of the conviction of the corporation. The reporter for the Daily News, Gerard P. Cassidy, testified at a deposition that he received the information reported in the article from the Public Relations Director at the Nassau District Attorney's office, Edward Grilli, although the article appears to attribute the story to Salem. Grilli denied that he gave any such information to Cassidy, stating that he merely set up the conference call between Salem and other representatives of the press, including Cassidy. However, Grilli could not corroborate Salem's version because of his failure to recall most of the events.

It is clear from the record that issues of fact exist as to who actually provided the information to Cassidy, the accuracy thereof, and whether Cassidy's reliance on the information received or his perception of the information received constituted gross irresponsibility. Cassidy's alleged reliance upon sources who deny, under oath, having furnished him with the information published in the alleged defamatory article *(see, e.g., Karaduman v Newsday, Inc.,* 51 NY2d 531, *rearg denied*

52 NY2d 899) justifies a denial of the motion for summary judgment. Further, based upon the aforementioned deposition testimony, an issue of fact exists as to whether the defendant Salem published an accurate account of the criminal conviction.

However, the demand for punitive damages against the defendant New York News, Inc. must be dismissed, since it does not appear to us from this record that it engaged in any conduct warranting such damages being imposed against it *(see, Loughry v Lincoln First Bank,* 67 NY2d 369, 373).

Finally, the appellants' remaining contention, that the plaintiffs have failed to come forward with evidence of damage to their reputation, has been considered and has been found to be without merit *(see, France v St. Clares Hosp. & Health Center,* 82 AD2d 1; *see also, Gedeon v News Syndicate Co.,* 288 NY 541). Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.